IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE SMITH, #576067,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0503-B |
| | ) | |
| **SHERIFF OF DALLAS COUNTY, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is incarcerated at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Defendants are Jim Bowles, former sheriff of Dallas County, and unknown doctors at Parkland Hospital in Dallas. The court did not issue process in this case pending preliminary screening.

Statement of Case: Plaintiff filed this action seeking compensation for the amputation of his right, second toe on May 3, 2003, at Parkland Hospital following the wrongful diagnosis of a staph infection contracted at the Dallas County Jail.

On July 6, 2006, Plaintiff filed a prior *in forma pauperis* action against former Sheriff Jim Bowles stemming from the same course of events at issue in this case. *See Smith v. Bowles,*

3:06cv1189-N (N.D. Tex.).  On May 16, 2007, the district court dismissed that case as frivolous because the claims were time barred.  *Id*. (accepting findings and recommendation of the magistrate judge).  Plaintiff did not appeal.[1]

Findings and Conclusions:  The court has granted Plaintiff leave to proceed *in forma pauperis*.  His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915(e).  That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .

28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious when it "duplicates allegations of another [] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993).  Although the *Pittman* court referred to allegations duplicative of pending federal litigation in discussing maliciousness, other cases make it clear that the prior lawsuit need not be pending.  In *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit recognized that an *in forma pauperis* action may be dismissed as frivolous when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."  *See also Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissal of *in forma pauperis* complaint was proper because suit was duplicative of previously dismissed lawsuit); *Willis v. Bates*, 78 Fed. Appx. 929, 930, 2003 WL 22427405, *1 (5th Cir. Oct. 22, 2003) (unpublished per curiam) ("[A]" district court may dismiss a lawsuit as malicious

---

[1]  Plaintiff also filed a state medical malpractice action, which the trial court dismissed for want of prosecution.  *Smith v. Bowles*, No. 08-05058 (9th Jud. Dist. Court, Dallas Cty, Jul. 10, 2008).

if it arises from the same series of events and alleges many of the same facts as an earlier suit.").

It is clear that the allegations in this action duplicate the claims pursued in Plaintiff's prior civil rights action against former Sherif Bowles. *See* No. 3:06cv1189-N. The fact that Plaintiff continues to suffer as a result of the permanent loss of his toe does not entitle him to raise his claim anew. Therefore, this case should be dismissed *sua sponte* with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended this action be DISMISSED *sua sponte* with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

3